IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRIDGETTE SANDERS                                                                                           PLAINTIFF

v.                                            Cause No. 4:14-cv-04076

CAROLYN COOTS and
BAILEY CREEK NURSING REHAB                                                              DEFENDANTS

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Motion to Dismiss. ECF No. 11. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Defendants' Motion to Dismiss (ECF No. 11) be **GRANTED.**

On May 19, 2014, Plaintiff filed this action *pro se*. ECF No. 1. Plaintiff claims she brings this lawsuit pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *Id.* Thereafter, at the Court's direction, Plaintiff supplied an Addendum to the Court further outlining her claims. ECF No. 5. In this Addendum, Plaintiff alleges Bailey Creek Nursing Rehabilitation, a private rehabilitation facility, is liable for discriminating against her. *Id.* Specifically, she alleges she was terminated because she is "an African American female." *Id.* at 2. Accordingly, based upon both her Complaint and her Addendum, it appears Plaintiff is alleging causes of action under two different federal statutes: (1) Civil Rights Act, 42 U.S.C. § 1983 and (2) Title VII of the Civil Rights Act of 1964.

On July 23, 2014, Defendants filed a Motion to Dismiss. ECF No. 11. With this Motion, Defendants argue that both Plaintiff's claims should be dismissed. *Id.* Plaintiff has not responded

to this Motion, and the time for Plaintiff to respond has expired. *See* Local Rule 7.2(b) (permitting fourteen days for a response). Accordingly, the Court will address both Plaintiff's claims.

First, Plaintiff claims Defendants are liable under 42 U.S.C. § 1983. ECF Nos. 1, 5. However, as Plaintiff recognized in her Addendum, Defendants are private actors. In general, a private actor is not liable under 42 U.S.C. § 1983 unless there has been some demonstration of conspiracy between the private actor and a state actor. *See Dossett v. First State Bank,* 399 F.3d 940, 951 (8th Cir. 2005) (holding "[u]nder § 1983, a plaintiff must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy"). Here, there has been no demonstration of any conspiracy. Thus, absent a conspiracy, these private actors are not subject to liability under 42 U.S.C. § 1983. Based upon this finding, the Court recommends Plaintiff's 42 U.S.C. § 1983 action be dismissed with prejudice.

Second, Plaintiff claims Defendants are liable under Title VII of the Civil Rights Act of 1964. ECF Nos. 1, 5. To proceed under Title VII, however, Plaintiff must first file an EEOC charge within 180 days of the allegedly discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1). *See also Hutson v. Wells Dairy, Inc.,* 578 F.3d 823, 826 (8th Cir. 2009) (holding the "timely filing of an EEOC charge is a requirement for bringing a Title VII . . . suit in federal court"). Here, Plaintiff has not demonstrated she timely filed an EEOC charge prior to bringing this lawsuit. *See* ECF Nos. 1, 5. Accordingly, the Court has recommends Plaintiff's Title VII claim be dismissed without prejudice. *See* FED. R. CIV. P. 41(b). If Plaintiff can demonstrate she timely filed an EEOC charge, the Court may reopen her case as to this claim.

Further, it appears Plaintiff also alleges Defendants are liable under state law for assault, slander, and forgery. *See* ECF Nos. 1, 5. Because the Court recommends all of Plaintiff's federal

causes of action be dismissed, the district court should decline to exercise supplemental jurisdiction over any such state-law causes of action. 28 U.S.C. § 1367(c)(3) (allowing a district court to decline to exercise supplemental jurisdiction over a state law claim when the district court dismisses all claims "over which it has original jurisdiction").

Accordingly, the Court recommends Plaintiff's 42 U.S.C. § 1983 action be **DISMISSED WITH PREJUDICE**, and her Title VII claims and state-law claims be **DISMISSED WITHOUT PREJUDICE**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 18th day of August 2014.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE